OTTO BIESANTZ, Plaintiff, v. SUPREME COUNCIL OF THE ROYAL ARCANUM, Defendant.

(Supreme Court, Kings Special Term for Motions, March, 1919.)

Constitutional law — provisions requiring money or other property belonging to an enemy to be paid to alien property custodian constitutional — "Trading With the Enemy Act."

Pleading — in action to recover a death benefit — benefit societies — constitutional law — alien property custodian — when demurrer to defense overruled.

    The "Trading with the Enemy Act," which provides that the President may require any money or other property and rights and claims of every description belonging to an enemy, to be paid or turned over to the alien property custodian, is constitutional.

    Where in an action to recover a death benefit the answer, admitting all the allegations of the complaint, pleads that

defendant's by-laws do not entitle the plaintiff to recover, a defense that payment of the benefit has been made to the alien property custodian upon his demand is not demurrable for insufficiency; if plaintiff's contention is sound and said by-laws should be construed as he claims, he is entitled to the benefit; if the contrary be held then it belongs to a person residing in Germany.

A demurrer to an allegation in the answer that the alien property custodian had determined that the person residing in Germany was an enemy and had the right to the benefit, and thereupon made his demand, on the ground that the taking of the death benefit by the alien property custodian was without due process of law and in violation of the Fifth Amendment, must be overruled.

DEMURRER to a defense in an action to recover a death benefit.

Kamen & Ostertag (Sol S. Ostertag, of counsel), for plaintiff.

Howard C. Wiggins, for defendant.

CROPSEY, J. This action is to recover a death benefit. The answer admits all the allegations of the complaint, but pleads that defendant's by-laws therein set forth do not entitle the plaintiff to recover. A defense is also pleaded that payment of the benefit has been made by the defendant to the alien property custodian upon his demand. The plaintiff demurs that this defense is insufficient in law. The particulars of the respective claims need not be stated. It is sufficient here to say that if the plaintiff's contention is sound and the defendant's by-laws should be construed as he claims, he is entitled to the benefit. If the contrary be held, then the benefit belongs to a person residing in Germany.

The answer alleges that the alien property custodian

had determined that the person residing in Germany was an enemy and had the right to the benefit, and thereupon made his demand. The demurrer challenges the constitutionality of the " Trading with the Enemy Act " which contains the provisions under which the custodian acted. Section 7, subsection " C " of that act, as amended November 4, 1918, provides that the president may require any money or other property and rights and claims of every description belonging to an enemy, which the president after investigation shall determine so belongs, to be paid over to the alien property custodian; and the persons having possession of the property are required to deliver it to the custodian upon his demand. It further provides that " the sole relief and remedy of any person having any claim " to the property delivered to the custodian shall be that provided by that act. This is set forth in section 9, which provides that any person not an enemy claiming any interest in the property taken by the custodian, may file a claim and bring suit in the District Court against the custodian to establish his rights.

The plaintiff's contention is that the taking by the alien property custodian is without due process of law and in violation of the Fifth Amendment. The Trading with the Enemy Act is a war measure. Its purpose is to confer upon the chief executive the power to seize the property of an enemy. The mere declaration of war did not confer that right. *Brown* v. *United States*, 8 Cranch, 110. But the Constitution (Art. I, § 8, subd. 11) gives Congress the power not only to declare war but also to " make rules concerning captures on land and water." And the scope of this provision is not confined to captures made outside the territory of the United States. It extends as well to those made in this country, and it is immaterial whether the property is owned by an alien or a resident or even a citizen of

this country, if he be an enemy. *Miller* v. *United States,* 11 Wall. 268, 305, 306, 310–313.

The act in question is therefore an exercise by Congress of the right conferred upon it by the Constitution, of determining the extent to which the sovereign power shall be exercised in time of war, over the person and property of the enemy. In the exercise of its plenary power in this matter, Congress might have provided for the confiscation of enemy property, but it did not do so. The act on its face is plainly not confiscatory. It does provide a summary method for obtaining possession of an enemy's property, but it safeguards the rights therein of any one not an enemy, and confers upon him the right to sue in the Federal courts. This is an adequate protection.

A condition of war requires immediate, even drastic action to prevent the use of enemy property against the government. To secure such action, the power to determine in the first instance whether property is or is not enemy property must necessarily be vested in some person, and by this act that person is the president. If there be an error in the determination, it may be corrected by an appeal to the courts. This satisfies the constitutional requirement relating to due process of law. *Hagar* v. *Reclamation District, No. 108,* 111 U. S. 701, 708; *Murray's Lessee* v. *Hoboken Land & Improvement Co.,* 18 How. (U. S.) 272, 276, 283, 284.

The so-called Confiscation Acts passed at the time of the Civil War were upheld. *Miller* v. *United States,* 11 Wall. 268. So was an act passed in the present war, relating to disorderly resorts near camps (*United States* v. *Casey,* 247 Fed. Repr. 362); and the act in question has recently been declared constitutional by Judge Knox of the United States District Court for the Southern District of New York, in an able opinion. *Salamandra Insurance Co.* v. *New York Life Ins. &*

*Trust Co.*, 254 Fed. Repr. 852.  The decision in *Kepplemann* v. *Kepplemann*, 105 Atl. Repr. 140, is not to the contrary.  It merely holds that Congress did not intend to confer upon the alien property custodian any greater power over enemy property than the enemy himself would have had if a state of war did not exist.

The validity of the act seems plain.  But if it were less so, it would still have to be sustained.  An act of Congress is presumed to be valid unless its invalidity plainly appears, and to justify such a decision its invalidity must be shown clearly and unmistakably. *United States* v. *Gettysburg Electric R. Co.*, 160 U. S. 668, 680; *Nicol* v. *Ames*, 173 id. 509, 514, 515.  And this should rarely be done by a court of first instance. *Michie* v. *New York, N. H. & H. R. Co.*, 151 Fed. Repr. 694; *International Mercantile Marine Co.* v. *Stranahan,* 155 id. 428, 430.

Demurrer overruled, with costs.