The Insurance Company of the State of Pennsylvania, Plaintiff, *v.* Prussian National Insurance Company, Defendant.

(Supreme Court, New York Special Term, June, 1920.)

Jurisdiction — Supreme Court — parties — pleading — alien property custodian — " Trading with the Enemy Act."

The Supreme Court has jurisdiction of an action for the reformation of a contract of reinsurance alleged to have been made by the defendant, a foreign corporation and alien enemy,

and it is not necessary to make the alien property custodian a defendant.

A demurrer to separate defenses pleading the " Trading with the Enemy Act" and amendments thereto; that before the commencement of the action all the money and property of defendant in the United States had been conveyed and delivered to the alien property custodian, etc.; that the sole remedy of plaintiff was provided by said statute and that the court had not jurisdiction of the subject matter of the action, sustained with leave to defendant to amend its answer.

DEMURRER to separate defenses contained in the answer upon the ground that they are insufficient.

Prentice & Townsend, for demurrant.

Rumsey & Morgan, opposed.

GIEGERICH, J. The plaintiff has demurred to the separate defenses contained in the answer upon the ground that such defenses are insufficient and the issue of law thus joined has been brought on for trial upon the plaintiff's motion. The defendant is a foreign insurance company and is sued by the plaintiff upon a contract of reinsurance alleged to have been made by the defendant with the plaintiff. The prayer for relief in the complaint is for a reformation of such contract and for judgment for a loss measured by the contract as so reformed. The first defense sets up the act of congress approved October 6, 1917, known as the Trading with the Enemy Act, and amendments thereto, and that, pursuant to an order of the president of the United States duly made thereunder, the alien property custodian, prior to the commencement of this action, took over the business, property and assets of the defendant under the provisions of the said act and has since had and now has the entire custody and control of the said business, property and assets and

is a necessary party defendant, and that there is in consequence a defect of parties defendant. The second defense is that prior to the commencement of the action all the money and other property of the defendant in the United States was conveyed and delivered to the said alien property custodian or was required to be so delivered or was seized by him, and that the sole relief and remedy of the plaintiff is that provided by the said act of congress and amendments thereto, and that this court has no jurisdiction of the subject of the action. The act referred to (40 Stat. chap. 106, § 7, as amd. by the act of Nov. 4, 1918, 40 Stat. chap. 201, § 1, subd. c) provides: " If the President shall so require any money * * * choses in action, and rights and claims of every character and description owing or belonging to or held for, by, or on account of, or on behalf of, or for the benefit of, an enemy or ally of enemy not holding a license granted by the President hereunder, which the President after investigation shall determine is so owing or so belongs or is so held, shall be conveyed, transferred, assigned, delivered or paid over to the Alien Property Custodian, or the same may be seized by the Alien Property Custodian; and all property thus acquired shall be held, administered and disposed of as elsewhere provided in this Act. * * * The sole relief and remedy of any person having any claim to any money or other property heretofore or hereafter conveyed, transferred, assigned, delivered, or paid over to the Alien Property Custodian, or required so to be, or seized by him, shall be that provided by the terms of this Act, and in the event of sale or other disposition of such property by the Alien Property Custodian, shall be limited to and enforced against the net proceeds received therefrom and held by the Alien Property Custodian or by the Treasurer of the United

States.'' 1918 Comp. Stat. Supp. § 2115½-d. Section 9 of the Trading with the Enemy Act prescribes the procedure and regulations under which claims may be made against the alien property custodian. This section also provides that if the claimant shall have fulfilled certain requirements, '' said claimant may, at any time before the expiration of six months after the end of the war, institute a suit in equity in the district court of the United States for the district in which said claimant resides, or, if a corporation, where it has its principal place of business (to which suit the alien property custodian or the Treasurer of the United States, as the case may be, shall be made a party defendant), to establish the interest, right, title, or debt so claimed, and if suit shall be so instituted then the money or other property of the enemy, or ally of enemy, against whom such interest, right, or title is asserted, or debt claimed, shall be retained in the custody of the alien property custodian, etc.   *   *   *.'' In support of its defenses the attorneys for the defendant cite the following cases decided in the federal courts: *Spiegelberg* v. *Garvan,* 260 Fed. Repr. 302; *Salamandra Ins. Co.* v. *New York Life Ins. & Trust Co.,* 254 id. 852; *Fischer* v. *Palmer,* 259 id. 355; and two cases decided by the courts of New York state, *Biesantz* v. *Supreme Council, Royal Arcanum,* 106 Misc. Rep. 545; *Wageck* v. *Travelers Ins. Co.,* 108 id. 65. None of those cases, however, presented the point here raised for decision. In all of them there was a controversy over specific property that had either been delivered to the alien property custodian or that had been seized or claimed by him. The language of the statute is that: '' The sole relief and remedy of any person having any claim to any money or other property   *   *   *   delivered or paid over to the Alien Property Custodian,'' etc., and

each of the cases above cited came within that provision.  The present action, however, is not brought to recover any money or property in the possession of the alien property custodian or any other specific money or property whatsoever.  It is brought merely to determine the obligation of an alien enemy.  If the plaintiff succeeds in obtaining a judgment it may some time in the future seek to reach property in the possession of the alien property custodian, but if it ever does so, then its proceedings will be governed by the statute.  It may, however, make no move to enforce its judgment until peace has been declared, and the remainder, if any, of the property now in the possession of the alien property custodian has been turned back to the defendant, thus becoming subject to the ordinary processes of execution.  Or again, the plaintiff may seek to satisfy its judgment in some other jurisdiction than the United States, and out of property of the defendant in some other jurisdiction.  The policy of the statute in question, as I understand it, is to impound under control of the government of the United States the property of alien enemies, in order that such property may not be used in the interests of an enemy government or against the interests of our own government.  I cannot discover that the purpose of this statute will be defeated or obstructed or even touched by permitting such an action as this to be prosecuted to judgment in the courts of this state, and I cannot find in the letter of the statute any prohibition against such a prosecution.  There is nothing in the statute to indicate and no reason to suppose that our government intended that this act should handicap its own citizens.  It may be presumed that the governmental intention was to the contrary.  The construction which the defendant seeks to have placed upon the statute would, however, work an injury to our own

citizens by depriving them of a jurisdiction which would, in normal conditions and in times of peace, be open to them and which, for some good reason or other, they might prefer to resort to, just as the plaintiff in this case prefers to resort to the jurisdiction of the courts of this state. I am, therefore, of the opinion that both defenses are insufficient, and that it is unnecessary to make the alien property custodian a defendant, and that this court has jurisdiction of the action. The demurrer should, therefore, be sustained, with costs, with leave to the defendant to amend within twenty days after service of a copy of the interlocutory judgment to be entered hereon, with notice of entry thereof and upon payment of such costs. ·

Ordered accordingly.